FILED

April 21, 2026

TN COURT OF
WORKERS' COMPENSATION
CLAIM

12:00 PM (CT)



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **BRIAN COX,**<br>        **Employee**,<br>v.<br>**LOWE'S INVESTMENT**<br>**CORPORATION,**<br>        **Employer**. | **Docket No. 2025-30-3946**<br><br>**State File No. 26796-2021**<br><br>**Judge Lisa A. Lowe** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

In this accepted claim, Mr. Cox seeks a panel of psychiatrists for a mental injury, back surgery, and temporary disability benefits. For the reasons below, the Court holds Mr. Cox did not prove that he is likely to prevail on these benefits at a hearing on the merits.

### Claim History

On March 18, 2021, Mr. Cox was loading 100 bags of concrete. While lifting, he felt a pop followed by back pain. Lowe's authorized treatment with several neurosurgeons, as the first two retired.

Only the second neurosurgeon recommended surgery to treat Mr. Cox's back and left leg pain. But Mr. Cox declined surgery. Later, when he decided to undergo surgery, that neurosurgeon had retired and Dr. Jody Helms was treating Mr. Cox.

Dr. Helms thought surgery would be aggressive and would not guarantee any significant improvement in Mr. Cox's back or leg pain. Instead, he recommended continued conservative management.

During treatment with Dr. Helms, Mr. Cox saw his primary care provider, Dr. Douglas Davis, who observed Mr. Cox's "increasing sadness from his inability to

1

work and [that] he should see a psychiatrist." Dr. Helms referenced Dr. Davis's psychiatrist referral and Mr. Cox's depression about being fired. However, he did not adopt the referral or relate it to the work injury.

On March 26, 2026, Dr. Helms assigned restrictions of no lifting more than 15 pounds, repetitive bending, stooping, or squatting, and the ability to change positions on an as-needed basis.

After an evaluation, Dr. C.M. Salekin recommended back surgery and psychiatric care for the work injury.

Mr. Cox testified that he could not perform his job at Lowe's. He applied for several positions but has not found employment within his restrictions. He also testified that he suffers daily from back pain and depression.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Cox must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025)[1]; *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Cox requested a panel of psychiatrists. However, psychological or psychiatric services "shall be limited to those ordered" by the authorized treating physician. *Id.* § 50-6-204(h).

Here, Mr. Cox's primary care physician referred him to psychiatric care. Although Dr. Helms mentioned that referral, he did not adopt the referral or relate it to the work injury. Similarly, while Dr. Salekin recommended a psychiatric evaluation, he is not the authorized treating physician either.

Regardless, the circumstances of Mr. Cox's mental injury do not meet the statutory definition of a mental injury, which is defined in section 50-6-102(15) as follows:

[A] loss of mental faculties or a mental or behavioral disorder, arising

---

[1] Mr. Cox argued the 2021 statutes should apply based on his date of injury. However, the 2021 statutes relating to mental injuries, § 50-6-102(17) and § 50-6-204(h), are identical to the 2025 statutes about mental injuries, § 50-6-102(15) and § 50-6-204(h).

primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual stimulus, and *shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities*." (Emphasis added).

Mr. Cox told Dr. Davis that he was depressed because he could not work, and Dr. Helms referenced Mr. Cox's depression about being fired because he could not stand for long periods. Apparently, the root of Mr. Cox's depression is his inability to work, which is not covered under the statute.

Given that his authorized physician has not made a psychiatric referral and the circumstances do not meet the statutory definition of a mental injury, Mr. Cox is not likely to prevail at trial on a panel of psychiatrists.

Regarding the requested surgery, the authorized treating physician has not ordered nor recommended surgery at this time. However, Dr. Salekin thinks Mr. Cox would benefit from the surgery.

When medical testimony conflicts, "it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that [the accepted opinion] contains the more probable explanation." *Goodman v. Schwarz Paper Co.*, 2018 Tenn. LEXIS 8, at *8 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Additionally, it seems reasonable that the physician having greater contact with the employee would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one. *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991).

Here, Dr. Helms is the authorized treating neurosurgeon and has treated Mr. Cox. Dr. Salekin did not; he was hired to perform an evaluation. The Court credits Dr. Helms's records over Dr. Salekin's report. So, Mr. Cox is not likely to prevail at trial on entitlement to back surgery.

Dr. Helms assigned Mr. Cox restrictions, so he might be entitled to temporary partial disability benefits. To obtain those benefits, Mr. Cox must show that his treating physician returned him to work with restrictions that Lowe's either could not or would not accommodate. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015). Mr. Cox testified that he could not perform his regular job duties at Lowe's. However, he did not testify that he informed Lowe's of his restrictions to see if they could or would offer accommodated duty. Thus, Mr. Cox is not likely to prevail on temporary disability

3

benefits at this time.

IT IS, THEREFORE, ORDERED as follows:

1. The Court denies Mr. Cox's request for a panel of psychiatrists, back surgery, and temporary benefits at this time.

2. The Court sets this matter for a Status/Scheduling Hearing on August 18, 2026, at 10:00 a.m. Eastern Time. The parties must call 855-383-0003 to participate.

**ENTERED April 21, 2026.**

_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

**APPENDIX**

**Exhibits:**

1. Affidavit of Brian Cox
2. Panels of Physicians
3. Form C-32 of Dr. C.M. Salekin
4. Medical Records of Abercrombie Radiology
5. Medical Records of Blount Memorial Hospital
6. Medical Records of Campbell Clinic
7. Medical Records of Dr. Douglas Davis
8. Medical Records of Dr. Paul Johnson

4

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on April 21, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| David H. Dunaway, Employee's Attorney | | X | dhdunaway@aol.com |
| Allison P. King, Employer's Attorney | | X | apking@mijs.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*